Hernández Torres, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Comparecen Isaacar, Inc. y Eastern Medical Insurance Company y solicitan que revisemos la decisión del Tribunal de Primera Instancia al denegar la paralización del caso presentado en su contra por los demandantes, al denegar la solicitud de examen físico de cuarenticuatro (44) demandantes y denegar la posposición de la vista en sus méritos. Alegan que para poderse defender adecuadamente de los hechos alegados en la demanda, es indispensable que los cuarenticuatro (44) demandantes que faltan por ser examinados se sometan a la evaluación por el médico escogido por los demandados.
I
La demanda original en este caso data del año 1990. Durante un largo y complicado proceso de descubrimiento de prueba según se desprende del expediente, los abogados de ambas partes acordaron *682 los términos bajo los cuales se harían las evaluaciones periciales de los demandantes. Del informe sobre la conferencia preliminar entre abogados se desprende que se acordó que los peritos de los demandados evaluaran y rindieran sus informes sobre quince (15) demandantes.
Posteriormente en julio de 1998, la demandada presentó ante el Tribunal de Primera Instancia su "Moción Informativa y Solicitud de Examen Físico" mediante la cual se informó que faltaban por hacerse el examen médico curenticuatro (44) demandantes. Al comparar la lista sometida en la conferencia preliminar entre abogados y la presentada con la referida moción, resulta que los nombres que aparecen en la lista de la conferencia preliminar no aparecen en la segunda lista, con la excepción de uno de ellos, por lo que resulta lógico inferir que al menos catorce (14) de los quince (15) demandantes que se acordó se harían la evaluación, ya lo han hecho.
II
En lo referente al término para realizar el descubrimiento de prueba, la Regla 23.4 de Procedimiento Civil, 132 L.P.R.A., Ap. III, señala:

“Las partes concluirán las gestiones relacionadas con el descubrimiento de prueba dentro del término de sesenta (60) días siguientes a la notificación de la contestación a la demanda, reconvención, demanda contra tercero y demanda contra coparte. El Tribunal tendrá facultad para prorrogar o acortar dicho término según las circunstancias del caso lo ameriten y garanticen una pronta solución de la controversia."

III
Es evidente que una vez comenzado el descubrimiento de prueba, habiendo las partes acordado los términos y el alcance del mismo, no podrá dejarse al arbitrio de una de las partes el alterar unilateral y arbitrariamente dichos acuerdos.
La Regla 23.4 de Procedimiento Civil, supra, indica que el Tribunal tendrá la discreción para extender el término para realizar el descubrimiento de prueba para garantizar "una pronta solución de la controversia."
En el caso de autos, la peticionaria no coloca a este tribunal en posición de determinar que en efecto el foro de Primera Instancia haya incurrido en un abuso de discreción al denegar la posposición de la vista y no admitir los exámenes médicos adicionales que pretende realizar la demandada.
Del expediente se desprende que los demandados han esperado al último momento para hacer la solicitud de descubrimiento de prueba adicional.
Al tomar en cuenta que la demanda se origina en el 1990, y que el descubrimiento de prueba ha durado ocho (8) años, no se justifica que sea hasta julio de 1998, un mes antes de la fecha para la cual se había señalado el juicio, que los demandados soliciten a cuarenticuatro (44) demandantes, algo que podría prolongarse por un tiempo excesivamente largo.
En su petición los demandados aducen que dichas evaluaciones resultan ser "medulares" para establecer su defensa pero no justifican dicha reclamación.
En cuanto a lo alegado por los peticionarios en lo referente a que no han recibido dos de los informes periciales hechos por los demandantes, este tribunal no está en posición de poder determinar si se trata de una omisión de prueba que se acordó distribuir o si por el contrario es un reclamo nuevo por parte de los demandados en cuyo caso será discrecional del Tribunal el ordenarlos o no.
IV
Por los fundamentos expuestos se niega el auto solicitado y se ordena que continúen los procedimientos ante el Tribunal de Primera Instancia.
Notifíquese inmediatamente por teléfono, fax y correo ordinario.
Lo acordó el Tribunal y lo certifica la Secretaria General.